*NORWOOD V. BOARD OF ELECTIONS.

ST. BERNARD V. BOARD OF ELECTIONS.

**Certificate of Clerk as to Signatures on Petition for Annexation Representing Percentage of Electors Insufficient.**

The statutory requirement that the signatures to a petition praying for annexation to an adjoining municipality represent twenty-five per cent. or more of the resident electors of the territory to be annexed, based upon the number of votes cast at the last municipal election held in that territory, is not satisfied by a certificate by the clerk of the board of deputy state supervisors and inspectors of election that the signatures on the petition represents twenty-five per cent. or more of the total votes cast at the last municipal election. Quaere—Whether it is within the power of the clerk to fully carry out the requirement of the statute is a matter of doubt.

*H. E. Engelhardt* and *Samuel B. Hammel,* for plaintiffs.
*E. M. Ballard* and *Frank F. Dinsmore,* for defendant.

## SWING, J.

Section 3568 G. C., as amended May 10, 1910, is as follows:

"The submission shall be by ordinance adopted by council of each corporation at least thirty days prior to an annual election at which the vote shall be taken.

"If there shall be presented to the council of a municipality proposed to be annexed to an adjoining or contiguous municipality a petition asking for the submission of the question of annexation to a vote, signed by twenty-five per cent. or more of the resident voters of the territory to be annexed, and there shall accompany said petition a certificate duly verified by both * * * or from the clerk of the board of deputy state supervisors of elections of the county in which said municipality is located, to the effect that the petition contained twenty-five per cent. or more of the resident electors of the territory to be annexed, based upon the number of votes cast at the last municipal election in said territory, the councils of both municipalities shall order the

*Affirming Norwood v. Deputy State Supervisors, 22 Dec. 644 (8 O. L. R. 380).

question of annexation to be submitted to a vote at the next general election." * * *

Under the law before the question of annexation can be submitted to a vote of the people of the municipalities each council of the municipalities must find and determine that a petition has been presented to it signed by twenty-five per cent. of the resident electors of the territory to be annexed, and that is is accompanied by a certificate under oath, by the clerk of the board of deputy state supervisors of elections of the county in which said municipality is located to the effect that the petition contained twenty-five per cent. or more of the resident electors based upon the number of votes cast at the last municipal election in said territory.

In these cases the clerk of the board of state supervisors of elections for Hamilton county, Mr. George A. Gohen, made a certificate under oath to the effect that the signatures on the petitions praying for annexation represents twenty-five per cent. of the total vote cast at the last municipal election.

It must be noted that this certificate does not contain any statement to the effect that the signers of the petition were in fact resident electors of the municipality. It amounts simply to this, that the number of names on the petition is twenty-five per cent. of the total votes cast at the last municipal election. It must be evident that this does not meet the requirement of the statute. Whether it was in the power of the clerk to fully carry out the requirements of the statutes is a matter of doubt.

But aside from this we are of opinion that each council not only had the right to determine, but it was its duty to determine, whether the petition presented to it was signed by twenty-five per cent. of the resident electors of the territory to be annexed, and that its finding upon this question must stand and is final until set aside by some competent tribunal. And we are further of the opinion, following the case of *Dutten* v. *Hanover*, 42 Ohio St. 215, that up to the time that council took action on the petition, any signer had the right to withdraw his name from the petition, and if after such withdrawal there was not twenty-five per cent. remaining on the petition, it was the duty of council to reject the same and take no further action.

Hamilton County Circuit.

If we are correct in this view of the law, there was not a petition in either case signed by the necessary twenty-five per cent. of the resident electors, and no question should be submitted to the vote of the people for or against annexation.

The injunction should issue as prayed for.

**Giffen** and **Smith, JJ.,** concur.

---

### INTOXICATING LIQUORS.

[Ashtabula (6th) Circuit Court, September, 1910.]

Judge Marvin of eighth circuit sitting in place of Judge Laubie.

Metcalfe, Fillius and Marvin, JJ.

*WILLIAM G. HAAS v. P. C. REMICK, ET AL.

**A Boat, Belonging to Non-resident of State, Surreptitiously Brought by Lessor into Dry County not Subject to Sale under Rose Law.**

A boat, belonging to a resident of the state of Pennsylvania, which he leased to another to be used exclusively on the waters of Erie Bay within such state, but who, without the knowledge or consent of the owner, brought it within the jurisdiction of a county in Ohio which had voted "dry" under the provisions of 99 O.L. 35, known as the "Rose law" and used it for the sale of intoxicating liquor, can not be levied upon and sold under the provisions of Sec. 4364-12, R. S. (Sec. 6077-8-9 G. C.), to pay the tax assessed against lessor.

*Allen M. Cox,* for plaintiff.

*Fred R. Hogue* and *Wayne B. Wheeler,* for defendant.

**METCALFE, J.**

The plaintiff seeks by injunction to restrain the sale of his property for the payment of Dow tax levied thereon by the defendants. The plaintiff is a resident of Erie, Pennsylvania, and is the owner of a gasoline launch known as the Ah-go-on. In the summer of 1909, the plaintiff granted to Doering & Huster the right to use his boat on Erie Bay, but it does not appear that

---

*Former decision, see **Haas v. Remick,** 31 O. C. C. 591 (13 N. S. 1).